UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE J. KUBES,<br><br>                    Plaintiff,<br><br>         v.<br><br>CALIFORNIA CORRECTIONAL INSTITUTION,<br><br>                    Defendant. | Case No.: 1:20-cv-00632-AWI-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S RESPONSE TO PROVIDE ADDITIONAL INFORMATION REGARDING THE IDENTITY OF THE DEFENDANT, JOHN DOE SERGEANT<br><br>(ECF No. 26) |

Plaintiff Kyle J. Kubes is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On October 9, 2020, the Court found that service of Plaintiff's first amended complaint was appropriate as to Defendants unidentified captain, lieutenant Garcia, and unidentified sergeant for denial of clean clothing in violation of the Eighth Amendment, and serve was directed pursuant to the Court's E-Service pilot program for civil rights cases in the Eastern District of California. (ECF No. 21.)

On October 19, 2020, the California Department of Corrections and Rehabilitation returned a notice of intent to not waive personal service on Defendant John Doe, Sergeant employed at California Correctional Institution, Facility B on or about December 30, 2019 to February 11, 2020, noting that

1

there was "not enough information to narrow down the Defendant.  Too many Sergeants on staff."  (ECF No. 24.)

On October 20, 2020, the Court directed Plaintiff to provide additional information regarding the identity of the John Doe Sergeant, if he was able to do so.  (ECF No. 25.)

On November 2, 2020, Plaintiff filed a response indicating he wishes to serve "[a]ny and all sergeants responsible for overseeing and enforcing daily operations of Facility B Section 7c during the period of 12-3-2019 to 2-11-2020."  (ECF No. 26 at 1.)

Plaintiff is advised that the Court did not find and will not serve every sergeant who was on duty for over a two month period.  The Court's screening order found that Plaintiff stated a cognizable claim against a single Sergeant identified as John Doe.  Therefore, Plaintiff will be required to identify him or her through discovery to provide enough information to locate the relevant sergeant for service of process.  Once the identity of a Doe defendant is ascertained, the Plaintiff must file a motion to amend his complaint only to identify the identified Doe defendant so that service by the United States Marshal can be attempted.  However, if Plaintiff fails to identify the John Doe sergeant during the course of the discovery, he or she will be dismissed from this action.

IT IS SO ORDERED.

Dated:   **November 3, 2020**

UNITED STATES MAGISTRATE JUDGE